UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MITCHELL S. TANCIO, et al.,

        Plaintiffs,

        v.

SAXON MORTGAGE SERVICING,

        Defendants.

_____/

No. C 10-0606 PJH

**ORDER GRANTING MOTION TO DISMISS**

Before this court is defendants' motion to dismiss plaintiffs' first amended complaint for failure to state a claim. Having carefully read the parties' papers and considered the relevant legal authority, the court hereby rules as follows.

**BACKGROUND**

This action arises out of the initiation of non-judicial foreclosure proceedings on real property purchased by plaintiffs Mitchell S. Tancio and Yolanda D. Tancio ("plaintiffs"). Plaintiffs are residents of Alameda County and the owners of real property located at 8533 Peachtree Avenue, Newark, CA 94560 (the "property"). See First Amended Verified Complaint ("FAC"), ¶ 10.

On or about January 21, 2005, plaintiffs borrowed from Fremont Investment & Loan ("Fremont") the amount of $520,000 in connection with purchase of the property. See FAC ¶ 11; see also Defendants' Request for Judicial Notice ("RJN"), Ex. A. The loan was secured by a Deed of Trust against the property, naming Mortgage Electronic Registration Systems ("MERS") as beneficiary, Fremont as lender, and Fremont General Credit Corporation as Trustee. See RJN, Ex. A. Simultaneously, plaintiffs executed a second loan agreement with Fremont in the amount of $97,500. See RJN, Ex. B.

After plaintiffs fell in arrears on loan payments, nonjudicial foreclosure proceedings were initiated, and a Notice of Default and Election to Sell Under Deed of Trust were

recorded on July 8, 2008.  See RJN, Ex. D.  On October 20, 2008, a Notice of Trustee Sale was recorded, scheduling the sale of the property for November 7, 2008.  Id., Ex. E.  The trustee's sale of the property went forward on January 21, 2009, and on October 20, 2009, a Trustee's Deed Upon Sale was recorded in favor of Wells Fargo Bank National Association, as Trustee for Fremont Investment & Loan SABR 2005-FR2 ("Wells Fargo").  See FAC, ¶ 17; RJN, Ex. F.

Plaintiffs allege, however, that on January 19, 2009, they sent a notice of rescission and tender to defendant Saxon Mortgage Services, Inc.,[1] regarding plaintiff's loans and in connection with Saxon's alleged "refusal to assist plaintiffs with obtaining a loan modification or other options regarding avoiding foreclosure."  Complaint, ¶ 15.  On March 3, 2009, defendants AtoB Realty ("AtoB"), on behalf of defendants Saxon, Wells Fargo, and Fremont (all collectively "defendants") drilled the exterior locks on the property and took possession of the property.  Id., ¶ 15.  As a result, plaintiffs were unable to enter the property and were forcibly removed.  Id.

It was not until May 1, 2009, plaintiffs allege, that they received a letter from Saxon regarding the notice of rescission that plaintiffs had sent in January, well beyond the 20 day response period allowed under the Truth in Lending Act.  Id., ¶ 16.

On December 29, 2009, plaintiffs filed this action in Alameda County Superior Court against defendants, alleging four causes of action:  (1) forcible detainer; (2) violation of the Truth in Lending Act ("TILA"); (3) wrongful foreclosure; and (4) quiet title.  See generally FAC.

On February 10, 2010, this action was removed on the basis of federal question jurisdiction.  On June 15, 2010, in order to explore settlement and assess plaintiffs' qualification for a loan modification, Saxon recorded a Mutual Agreement for Rescission of Trustee's Deed Upon Sale.  See RJN, Ex. G.

---

[1] Saxon Mortgage Services, Inc. was erroneously named as Saxon Mortgage Servicing in plaintiffs' complaint.

2

Defendants now collectively seek dismissal of plaintiffs' complaint in its entirety.

**DISCUSSION**

A.  Legal Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory. Id. The issue is not whether a plaintiff is likely to succeed on the merits but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his or her claims. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).

In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor do courts assume the truth of legal conclusions merely because they are cast in the form of factual allegations, Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), or that a plaintiff can prove facts different from those it has alleged. Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters, Inc., 459 U.S. 519, 526 (1983). In deciding a Rule 12(b)(6) motion, the court generally looks only to the face of the complaint and documents attached thereto. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989).

To survive a motion to dismiss for failure to state a claim, a complaint generally must

satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8 requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)). In order to survive a dismissal motion, a plaintiff must allege facts that are enough to raise her right to relief "above the speculative level." Twombly, 127 S.Ct. at 1965. While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. Id. at 1974.

In addition, in ruling on a motion to dismiss for failure to state a claim, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Accordingly, a court may consider matters of public record on a motion to dismiss, and in doing so "does not convert a Rule 12(b)(6) motion to one for summary judgment." Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds* by Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104 (1991).

B.  Motion to Dismiss

Defendants seek dismissal of each and every cause of action alleged against them by plaintiffs.

    1.  Forcible Entry

Plaintiffs allege that defendants "drilled the exterior locks and entered the subject property, thereby forcibly taking possession of the property." See FAC, ¶ 21. They further

allege that while they were not at the subject property at the time the locks were changed, they "had been in peaceful, undisturbed possession of the subject property five days prior to the forcible detainer." Id., ¶ 22. In their opposition brief, plaintiffs contend that these allegations are sufficient to state a claim for forcible entry pursuant to California Code of Civil Procedure ("CCP") § 1159.

CCP § 1159 provides that a person is "guilty of a forcible entry who either: (1) [b]y breaking open doors, windows, or other parts of a house, or by any kind of violence or circumstance of terror enters upon or into any real property; or, (2) [w]ho, after entering peaceably upon real property, turns out by force, threats, or menacing conduct, the party in possession." See Cal. Civ. Proc. Code § 1159. Moreover, as defendants note, CCP section 1172 further provides that: "[o]n the trial of any proceeding for any forcible entry or forcible detainer, the plaintiff shall only be required to show, in addition to the forcible entry or forcible detainer complained of, that he was peaceably in the actual possession at the time of the forcible entry, or was entitled to the possession at the time of the forcible detainer." See id. at § 1172.

Defendants are correct that plaintiffs' allegations fail to state a claim for forcible entry, as that claim is understood within the context of these provisions. Plaintiffs' complaint fails to allege any conduct by defendants that would satisfy either subpart of section 1159. Plaintiffs do not allege, for example, that defendants 'broke open' any doors, windows, or other parts of the property, or any other conduct by defendants that would constitute violence or a 'circumstance of terror' in gaining entry to the property. Nor have plaintiffs alleged that defendants entered the property in question peacefully, only to turn plaintiffs out by force, threats, or other menacing conduct. Plaintiffs reason that drilling the exterior locks and entering the subject property, defendants committed an "act of force" that satisfies the requirements of section 1159. Plaintiffs cite to no authority in support of this proposition, however.

Even crediting plaintiffs' allegation that defendants "drilled the exterior locks and

5

entered the subject property" as sufficient to plead a forcible entry pursuant to section 1159(1), defendants are nonetheless correct that plaintiffs have failed to allege the requisite element of possession pursuant to CCP § 1172.  According to this statutory provision, plaintiffs must demonstrate that they were "peaceably in the actual possession at the time of the forcible entry."  Here, however, plaintiffs allege only that they "*had been* in peaceful, undisturbed possession of the subject property *five days prior*...".  See FAC, ¶ 22 (emphasis added).  This is insufficient, in the court's view, to properly allege actual possession at the time of the forcible entry, as required by section 1172.  Plaintiffs, furthermore, cite to no legal authority in support of the argument that possession *prior* to an actual entry suffices to demonstrate 'actual possession' *at the time* of entry.

In sum, the court finds that plaintiffs have failed to adequately allege the requirements for forcible entry, pursuant to CCP §§ 1159 and 1172.  Accordingly, defendants' motion to dismiss plaintiffs' first cause of action is GRANTED.

2.      Truth in Lending Act ("TILA")

Plaintiffs' second cause of action alleges that defendants violated TILA's disclosure requirements by failing to provide timely and adequate disclosure, and by failing to timely respond to plaintiffs' rescission demand.  See FAC, ¶¶ 31, 34.  TILA is intended to protect consumers in credit transactions by requiring disclosure of key terms of the lending arrangement and its related costs.  See 15 U.S.C. § 1601 *et seq.*  A lender's violation of TILA allows the borrower to seek damages or to rescind a consumer loan secured by the borrower's primary dwelling.  A plaintiff's damage claims relating to improper disclosures under TILA are subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the loan transaction is consummated.  King v. State of California, 784 F.2d 910, 915 (1986); see also Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (failure to make the required disclosures under TILA occurs at the time the loan documents were signed).

Here, plaintiffs signed their loan documents in January 2005, but did not file suit until

December 2009. As such, the one-year time limit for any claim for damages is time-barred, unless the doctrine of equitable tolling applies. See King, 784 F.2d at 915 (equitable tolling of civil damages claims brought under TILA may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action). Plaintiffs contend that they have alleged equitable tolling, since they allege that they "did not discover the Truth in Lending Act violation until on or about September 2008, when an expert reviewed their loan." FAC, ¶ 32. Even reading this allegation liberally to properly allege equitable tolling, however, plaintiffs' claim for damages is still time-barred. The December 2009 filing of plaintiffs' complaint took place more than one year after the September 2008 date upon which plaintiffs concede finally learning of any TILA violations. In sum, plaintiffs' TILA damages claim is time-barred, and therefore is dismissed.

To the extent plaintiffs attempt to state a rescission claim, TILA's "buyer's remorse" provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security. Semar v. Platte Valley Federal Sav. & Loan Ass'n, 791 F.2d 699, 701 (9th Cir. 1986); 15 U.S.C. § 1635(a). TILA and its regulations, issued by the Federal Reserve System, 12 C.F.R. §§ 226.1-.29 ("Reg Z"), require the lender to provide a form stating the specific date on which the three-day rescission period expires. Semar, 791 F.2d at 701 (citing 15 U.S.C. § 1635(a)).

A borrower's right of rescission is extended from three days to three years if the lender (1) fails to provide notice of the borrower's right of rescission or (2) fails to make a material disclosure. 12 C.F.R. § 226.23(a)(3). "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor." 15 U.S.C. § 1635(f); see also 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3

7

1  years after consummation, upon transfer of all of the consumer's interest in the property, or
2  upon sale of the property, whichever occurs first.").
3      Again, plaintiffs here consummated the loan transaction in question in January 2005
4  – well more than three years prior to the December 2009 filing of plaintiffs' complaint.
5  Ordinarily, plaintiffs' rescission based TILA claim would therefore be time-barred. As noted
6  above, however, liberally construed, the plaintiffs have alleged sufficient facts to state a
7  claim for equitable tolling – an inherently fact-based doctrine – at the pleading stage.
8      Defendants nonetheless insist that plaintiffs' claim is fatally deficient, because
9  plaintiffs have failed to properly allege their ability and willingness to tender. See, e.g.,
10 Yamamoto v. Bank of New York, 329 F.3d 1167, 1173 (9th Cir. 2003). To this, plaintiffs
11 respond that they have duly alleged the ability and willingness to tender the loan proceeds,
12 as set forth in paragraph 33 of the amended complaint. This is not quite accurate,
13 however. A close reading of paragraph 33 discloses only the allegation that "[*a*]*t the time of*
14 the notice of rescission, [p]laintiffs *were* fully able and capable of tendering from another
15 lending institution." FAC, ¶ 33 (emphasis added). Plaintiffs further allege that they
16 eventually were "*unable to tender* since [d]efendant[s] failed to respond to the notice of
17 rescission and advise [p]laintiffs as to how to make tender." Id. This is distinct, in the
18 court's view, from an allegation that plaintiffs are in fact, presently able and willing to tender
19 the loan proceeds. Similarly, Exhibit A to plaintiffs' amended complaint – i.e., the January
20 19, 2009 notice of rescission sent by plaintiffs to defendant Saxon – states only that
21 plaintiffs "would like to discuss with [defendant] a tender arrangement for the amount
22 due...". FAC, Ex. A at 1. Again, this is distinct from a clearly stated present ability to tender
23 loan proceeds, and furthermore belies plaintiffs' allegation that they *were* able and willing to
24 tender the loan proceeds in the past and at the time of the notice of rescission.
25     Accordingly, the court agrees with defendants that plaintiffs have failed to
26 adequately allege past tender of the loan proceeds, or present ability to tender the loan
27 proceeds. As such, plaintiffs' rescission based TILA claim fails to state a valid claim upon
28

8

which relief can be granted, and defendants' motion to dismiss the second cause of action is GRANTED.

### 3. Wrongful Foreclosure

Plaintiffs allege that defendants did not have the right to sell the property at the January 21, 2009 trustee's sale, because the plaintiffs' January 19, 2009 written notice of rescission effectively voided defendants' security interest in the property. See FAC, ¶¶ 38-39.

As a general matter, plaintiffs have failed to allege a statutory provision or other legal authority affirmatively demonstrating that "wrongful foreclosure" constitutes a cause of action. Rather, plaintiffs appear to rely on the same alleged TILA violation stated in their second cause of action – i.e., that defendants failed to respond to plaintiffs' valid notice of rescission – as the underlying violation upon which the 'wrongful foreclosure' claim is predicated. Nonetheless, whether alleged under TILA, or pursuant to an alternative statutory or common law basis, plaintiffs' action for wrongful foreclosure must be accompanied by an allegation of tender in order to state a valid claim. See Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996)(tender rule applies to any cause of action for irregularity in sales procedure); Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (1984)(an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security"). And for the reasons already discussed in connection with plaintiffs' rescission based TILA claim, plaintiffs have failed to adequately allege tender of the loan proceeds.

Accordingly, the court hereby GRANTS defendants' motion to dismiss plaintiffs' third cause of action for wrongful foreclosure.

### 4. Quiet Title

Finally, plaintiffs pursue a claim to quiet title against defendants. Plaintiffs allege that they are the owners of the property in question; that defendants claim an interest in the

property adverse to plaintiffs due to the allegedly wrongful foreclosure conducted on the property on January 21, 2009; and that plaintiffs' January 19, 2009 written notice of rescission establishes plaintiffs' superior right to the property. See FAC, ¶¶ 42, 44-46. As a general matter, this is sufficient to meet the requirements for a quiet title claim. See, e.g., South Shore Land Co. v. Petersen, 226 Cal. App. 2d 725, 740-741 (1964)(in ordinary action to quiet title, it is sufficient to allege in simple language that the plaintiff is the owner and in possession of the land and that the defendant claims an interest therein adverse to him).

However, as noted above, tender of the amount owed is a condition precedent to any claim of wrongful foreclosure or any claim challenging the regularity of a foreclosure procedure – as plaintiff's quiet title claim substantively does here. See Abdallah, 43 Cal. App. 4th at 1109 (tender rule applies to any cause of action for irregularity in sales procedure); Yamamoto, 329 F.3d at 1173. Accordingly, since plaintiffs fail to allege tender of the amount owed, for the reasons detailed above, the quiet title claim ultimately fails. Defendants' motion to dismiss this claim is accordingly GRANTED.

C. Conclusion

For all the foregoing reasons, the court hereby GRANTS defendants' motion to dismiss all claims asserted against them in plaintiffs' first amended complaint. Plaintiffs, however, are granted leave to amend their complaint, in order to attempt to cure the deficiencies noted herein. Any amended complaint shall be due no later than March 16, 2011. Plaintiffs may not add new claims or parties without complying with Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: February 17, 2011

PHYLLIS J. HAMILTON
United States District Judge